Ahmed CHOULLAM, Defendant–Appellant,

v.

UNITED STATES of America, Appellee.

No. 08–4669–cr.

United States Court of Appeals, Second Circuit.

Sept. 17, 2009.

---

**620**

Stephan E. Seeger, S.J. Carriero & Associates, LLC, Stamford, CT, for Defendant–Appellant.

Margaret Garnett, Jeffrey A. Brown, Daniel A. Braun, Assistant United States Attorneys, United States Attorney's, Office for the Southern District of New York, for Appellee.

Present: CHESTER J. STRAUB, RICHARD C. WESLEY, Circuit Judges, PAUL G. GARDEPHE, District Judge.*

### SUMMARY ORDER

Ahmed Choullam was convicted of conspiring to import 1,000 kilograms or more of hashish in violation of 21 U.S.C. §§ 960(b)(1)(G), 963 and of conspiring to distribute or possess with intent to distribute 100 kilograms or more of hashish in violation of 21 U.S.C. §§ 841(b)(1)(B)(vii), 846. The facts and procedural history underlying this action have been fully set forth by the District Court in a prior

Following the jury verdict against him, Appellant moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure or, in the alternative, for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Fed.R.Crim.P. 29, 33. Choullam also challenged the sufficiency of the evidence presented by the Government to implicate him in the conspiratorial activities described in the indictment on which he was tried. The District Court denied Appellant's motion in its entirety. On appeal, Choullam challenges the District Court's denial of his request for a jury instruction concerning multiple conspiracies, and argues that there was an improper constructive amendment of his indictment, or, alternatively, a prejudicial variance from the indictment.

Appellant is not entitled to a new trial on the ground that the District Court improperly denied his request for a jury instruction on multiple conspiracies. In our view, the instruction given was not error. But, even if it were, there was no prejudice to Appellant because "there was ample proof before the jury for it to find beyond a reasonable doubt that [the] defendant was a member of the conspiracy charged in the indictment." *United States v. Vazquez*, 113 F.3d 383, 386 (2d Cir. 1997). The District Court properly concluded that because Appellant stood trial alone, there was "no danger that the jury would confuse the possible involvement of other co-defendants with conspiracies not alleged in the indictment with the conspiracy for which Defendant was charged." *United States v. Choullam*, No. 05 Cr. 523(LTS), 2008 WL 3861356, at *4 (S.D.N.Y. Aug. 19, 2008); *see United States v. Corey*, 566 F.2d 429, 431 n. 3 (2d Cir.1977).

Appellant's contentions that his indictment was constructively amended or that there was a prejudicial variance to the indictment are unfounded. Appellant had clear "notice of the core of criminality to be proven at trial." *United States v. Delano*, 55 F.3d 720, 729 (2d Cir.1995) (internal quotation marks omitted). Additionally, the redacted indictment that was present-

---

* The Honorable Paul G. Gardephe, United States District Court for the Southern District of New York, sitting by designation.

ed to the jury in no way "modif[ied] essential elements of the offense charged." *Id.*

We have considered the remaining issues raised by Appellant and find them to be without merit.

Accordingly, the judgment of the District Court is hereby **AFFIRMED.**